Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 5570 | DATE | May 17, 2002 |
| CASE TITLE | Robledo-Gonzalez v. Ashcroft, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Respondents' Motion to Dismiss (doc. #3)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Respondents' motion to dismiss (doc. #3) is **GRANTED**. Accordingly, Petitioner's habeas petition is **DISMISSED**. All pending dates and motions are terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 20 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 8 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| JHC | courtroom deputy's initials | 02 MAY 17 PM 3:38 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROMAN ROBLEDO-GONZALEZ, <br> Petitioner, <br><br> v. <br><br> JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES, COMMISSIONER, IMMIGRATION & NATURALIZATION SERVICE, BOARD OF IMMIGRATION APPEALS DISTRICT DIRECTOR, U.S. IMMIGRATION & NATURALIZATION SERVICE, <br> Respondents. | CASE NO. 01 C 5570 <br><br> JUDGE WILLIAM J. HIBBLER <br><br> DOCKETED <br> MAY 2 0 2002 |

## MEMORANDUM OPINION AND ORDER

Petitioner Roman Robledo-Gonzalez filed this petition for habeas corpus under 28 U.S.C. §2241, challenging as unconstitutional a March 1997 final order of deportation in which the Board of Immigration Appeals (BIA) found Petitioner statutorily ineligible for relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), as well as a regulation promulgated in January 2001, 8 C.F.R. § 3.44, that bars certain aliens from currently seeking § 212(c) relief. Respondents have moved to dismiss the petition for lack of jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, Fed. R. Civ. P. 12(b)(6). For the following reasons, the Court **grants** their motion to dismiss.

## BACKGROUND

Petitioner illegally entered the United States in 1980, but he obtained legal resident status in 1989. In October 1993, the INS commenced deportation proceedings against Petitioner arising out of his July 1993 guilty plea to possession and delivery of a controlled substance. At his hearing before an Immigration Judge, Petitioner sought a discretionary waiver from deportation pursuant to § 212(c) of the INA, but the IJ denied his request. Petitioner timely appealed the IJ's deportation order and denial of §212(c) relief to the BIA. However, while his appeal was pending, Congress enacted two pieces of



legislation that significantly altered the INA. First, effective April 24, 1996, § 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") precluded § 212(c) relief for aliens found deportable because of drug offenses. Then, on September 30, 1996, the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA") repealed § 212(c) altogether and replaced it with a similar provision providing for discretionary relief from deportation, but not for aliens convicted of aggravated felonies. In response to the new laws, the United States Attorney General issued a decision in February 1997, *Matter of Soriano*, holding that the § 440(d) preclusion applied retroactively to aliens who had not been granted § 212(c) relief prior to the enactment of AEDPA. Relying on *Matter of Soriano*, then, the BIA dismissed Petitioner's appeal on March 24, 1997. Petitioner did not seek further review of the BIA's order; instead he self-deported to Mexico on May 16, 1997.

But Petitioner did not remain outside of the United States for long. According to a criminal complaint filed in February 2001, Petitioner returned to this country in July 1998 without first obtaining the express consent of the Attorney General for readmission in violation of 8 U.S.C. §§1326(a) and (b)(2). The ramifications of Petitioner's illegal reentry extended beyond the criminal penalties, though. In January 2001, the Attorney General had withdrawn the *Matter of Soriano* decision and issued a regulation permitting certain aliens who had been previously barred from seeking § 212(c) relief to file a motion to reopen their deportation proceedings in order to now apply for a discretionary waiver. Unfortunately for Petitioner, the new regulation did not apply to aliens like himself who had been ordered deported and left, but had illegally returned to the United States. *See* 8 C.F.R. §3.44, Subpart C.

Petitioner filed the present §2241 habeas petition in July 2001, contending that the BIA's March 1997 order of deportation was based on an unconstitutional decision, *Matter of Soriano*, and therefore must be declared null and void. Petitioner also argued that the new regulation in 8 C.F.R. § 3.44 was unconstitutional on its face and as applied to him. In September 2001, Respondents moved to dismiss the petition for, *inter alia*, lack of jurisdiction, citing Petitioner's failure to exhaust his administrative remedies

by pursuing a motion to reopen before the BIA. Petitioner had noted in his petition that although he intended to file such a motion, he reasonably believed the BIA would deny his request due to his illegal return to the United States after deportation. While the parties were in the process of briefing the motion to dismiss, on October 15, 2001, the BIA issued its decision denying the motion to reopen, as Petitioner had anticipated, on the basis that it lacked jurisdiction to consider his motion. As such, Petitioner maintains, he has now exhausted all avenues of administrative review since the remaining issues in his petition are constitutional and therefore cannot be decided by the BIA. Respondents also contend that even if jurisdiction before this Court is proper, Petitioner's constitutional arguments are meritless, and thus the petition should be dismissed for failure to state a claim.

## ANALYSIS

### I.

Respondents first challenge whether this Court can exercise jurisdiction over Petitioner's claim that notwithstanding the terms of the new regulation, he is entitled to have his deportation proceedings reopened so that he may apply for § 212(c) relief. It is undisputed that at the time Petitioner filed this petition, he had not yet filed a motion to reopen pursuant to the regulation. Petitioner maintains it would have been futile for him to file such a motion given that the regulation expressly precluded aliens who illegally reentered the United States from seeking to reopen their deportation proceedings. Nevertheless, exhaustion of all administrative remedies is a prerequisite that must be fulfilled before courts may review any INS decision. *See* 8 U.S.C. § 1252(d)(1); *Fornalik v. Perryman*, 223 F.3d 523, 532 (7th Cir. 2000). Consequently, Respondents are correct in arguing that this Court could not entertain Petitioner's contentions concerning the motion to reopen process until the INS had had its say on the matter.

However, once the BIA denied Petitioner's motion to reopen in October 2001, the exhaustion requirement was fulfilled, thereby making that decision ripe for judicial review. But not by this Court. Rather, any requests for further review of the BIA's final order must be lodged with the Court of Appeals.

*See Sharif v. Ashcroft*, 280 F.3d 786, 788 (7th Cir. 2002) (stating that the BIA's decision concerning a motion to reopen would be reviewable by that court); 8 U.S.C. § 1252(b)(2) (petitions for review "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). Thus, to the extent Petitioner believes Respondents have improperly promulgated and applied the new regulation governing motions to reopen to seek § 212(c) relief, the Seventh Circuit is the appropriate forum in which to raise those concerns. *Compare Chowdhury v. Ashcroft*, 241 F.3d 848, 852 (7th Cir. 2001). This Court simply does not have jurisdiction to review claims arising from the BIA's denial of Petitioner's motion to reopen.

## II.

Concerning the March 1997 removal order, though, the United States Supreme Court made it patently clear in *Calcano-Martinez v. INS*, 121 S. Ct. 2268, 2270 (2001), and *INS v. St. Cyr*, 121 S. Ct. 2271, 2287 (2001), that district courts retain jurisdiction under the general habeas corpus statute, 28 U.S.C. § 2241, to entertain pure questions of law that cannot be answered in another judicial forum. Thus, there is no jurisdictional bar to this Court's consideration of the constitutional arguments Petitioner now advances regarding the BIA's March 1997 order finding Petitioner statutorily ineligible for § 212(c) relief in light of *Matter of Soriano*. However, Respondents contend that habeas relief is not warranted here because the 1997 order is neither unlawful nor in violation of Petitioner's due process rights.

Petitioner maintains the 1997 BIA order is null and void because the decision it was based upon, *Soriano*, runs afoul of the Supreme Court's recent holding in *St. Cyr*. At the time the BIA considered Petitioner's appeal from the IJ's denial of § 212(c) relief, *Soriano* represented the law of the land. The stringent limitations imposed by AEDPA and IIRIRA on § 212(c) relief were applied retroactively to eliminate the very possibility of obtaining a waiver, even if the alien would have been eligible for such relief at the time of his conviction. However, in *St. Cyr*, the Supreme Court set the record straight, explaining that the statutory language in IIRIRA did not sufficiently manifest an intent by Congress to

-4-

automatically exclude from § 212(c) consideration all alien defendants who had not been granted a waiver prior to the enactment of the new statutes. *St. Cyr*, 121 S. Ct. at 2290-91. The Supreme Court therefore rejected the retroactive application adopted in *Soriano*, holding instead that "§ 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 2293.

Petitioner presumes that because the Supreme Court effectively overruled the decision underlying the BIA's March 1997 removal order, that the order has now been rendered unconstitutional and therefore void of any legal effect. But Petitioner points to no case law that would even remotely support such a far-fetched assumption. In denying Petitioner's appeal, the BIA properly relied on the Attorney General's retroactivity analysis. The mere fact that the Supreme Court has now determined that the statutory language should be interpreted otherwise does not necessarily nullify every removal order denying § 212(c) relief in reliance upon *Soriano*. Indeed, as Petitioner concedes in his opposition to Respondents' motion to dismiss, *St. Cyr* does not mandate such a result.

Petitioner seems to think that *St. Cyr* affords to every convicted alien a *constitutional* right to apply for § 212(c) relief, but that is simply not true. In *St. Cyr*, the Supreme Court found only that the relevant statutory language in IIRIRA did not clearly evince an intent to eliminate the possibility of obtaining § 212(c) relief for aliens who, at the time of their convictions, had been eligible to apply for a discretionary waiver, and therefore those particular aliens maintained their *statutory* right to seek such relief. Petitioner attempts to bootstrap the denial of his statutory right into a constitutional violation by invoking due process concerns, i.e. that his right to apply for § 212(c) relief was abruptly foreclosed by the BIA in March 1997. However, Petitioner, unlike the alien in *St. Cyr*, had a full hearing on the merits concerning his application for § 212(c) relief before an Immigration Judge, who ultimately denied his request. Petitioner, therefore, has hardly been denied any type of meaningful judicial review.

-5-

Moreover, Respondents, in promulgating a new regulation that allows aliens aggrieved by *Soriano* to file a motion to reopen their deportation proceedings in order to seek § 212(c) relief, have satisfied the dictates of *St. Cyr*. That Petitioner cannot take advantage of this opportunity, due to his illegal return to the United States following deportation, is not the fault of Respondents. If Petitioner disagrees with the limitations on eligibility for reopening, then, as the Court has already noted above, Petitioner can challenge the new regulation by seeking review of the BIA's decision denying his motion to reopen before the Court of Appeals.

## CONCLUSION

In sum, this Court finds that it lacks jurisdiction to consider Petitioner's claims regarding the regulation governing motions to reopen to apply for § 212(c) relief, and that Petitioner is not entitled to habeas relief on his remaining claims concerning the March 1997 order of removal. Accordingly, Petitioner's habeas petition is **dismissed** in its entirety.

IT IS SO ORDERED.

WILLIAM J. HIBBLER, DISTRICT JUDGE

DATED: May 17, 2002